UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANE DOE,

    Plaintiff,

v.

TANNER LEE PORTER and BRYAN J. MURPHY,

    Defendants.

Case No. 24-2341-JWB-BGS

## MEMORANDUM AND ORDER GRANTING MOTION TO STAY

This matter comes before the Court on Defendants Tanner Lee Porter and Bryan J. Murphy's motion to stay. Doc. 29. By way of this motion, Defendants ask the Court to stay all discovery until the District Judge decides their pending motions to dismiss. Plaintiff Jane Doe (hereinafter "Plaintiff") opposes the requested stay. For the reasons discussed herein, the Court **GRANTS** the motion to stay.

**I.  Background**

Plaintiff brought this action on August 5, 2024. The complaint named Sheriff Bryan Murphy, former deputy Tanner Porter, and Allen County as Defendants. Two weeks after the Defendants answered, Plaintiff filed an amended complaint as a matter of course. *See* Doc. 17. The amended complaint dropped Allen County as a Defendant and added additional factual allegations against Sheriff Murphy and Deputy Porter. The amended complaint asserts 42 U.S.C. § 1983 claims as well as tort claims for failure to train and supervise, battery, and infliction of emotional distress.

The events in the amended complaint center around an inappropriate relationship between the Plaintiff and Tanner Porter—a former deputy with the Allen County Sheriff's Office. In November 2017, Mr. Porter was sworn in as a deputy. He allegedly began a sexual relationship with Plaintiff in 2020 when she was 15 years old. In 2021, Porter—while on duty and in his patrol car—

parked outside Plaintiff's residence, texting and calling her, from 12:30 a.m. to 2:00 a.m.  Ten days later, he is accused of running the tags of Plaintiff's boyfriend and stalking him for 4 hours.

Plaintiff's parents became aware of Porter's conduct shortly thereafter.  Plaintiff's father reported the stalking and harassment to Sheriff Murphy.  Sheriff Murphy claimed he would "take care of it."  Her parents spoke to Murphy several times and provided evidence that Porter began a sexual relationship with their 15-year-old daughter.  The amended complaint alleges that Sheriff Murphy did not take any action.  Plaintiff's parents eventually contacted the Kansas Bureau of Investigation ("KBI") about the alleged conduct.  The amended complaint further alleges that Plaintiff's parents sent Sheriff Murphy a video of Porter at an underage drinking party.  Porter's employment with the Allen County Sheriff Department ended on December 28, 2021.  On October 24, 2022, Porter was charged with engaging in sexual intercourse with a child between the ages of 14 and 16, which was later amended to rape.

In response to the amended complaint, the Defendants filed motions to dismiss.  *See* Doc 25, 27.  Defendant Murphy filed a motion to dismiss for failure to state a claim and Defendant Porter filed a motion to dismiss alleging, in part, that he is entitled to qualified immunity.

On November 20, 2024, the Defendants jointly filed the current motion to stay discovery pending the Court's ruling on their motions to dismiss.  Defendants argue that Porter's qualified immunity defense should be ruled upon before proceeding with discovery.  They further argue that discovery is not necessary to resolve the motions and proceeding with discovery would lead to unnecessary legal expenses.  Plaintiff opposes the stay.  The motion is fully briefed, and the Court is prepared to rule.

## II. Legal Standard

The decision to stay is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Landis v. North. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 1636, 1650, 166 81 L.Ed. 153 (1936).  In exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Id.*, at 255.  Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990).  Any such stay must be kept within the "bounds of moderation."  *Id.* at 256.

Generally, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion.  *Tomes v. LoanCare, LLC*, No. 2:22-cv-02421-JWB-KGG, 2023 WL 2784844, at *1 (D. Kan. Apr. 5, 2023).  However, there are recognized exceptions to that policy.  A stay is appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit."  *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024).  If one of these circumstances is present, a stay may be appropriate.  *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).  *See also Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019).  "The proponent of a stay bears the burden of establishing its need."  *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay").

**III.    Analysis**

Defendants assert that the case should be stayed pending a ruling on Defendants' motions to dismiss because Defendant Porter raised qualified immunity as a defense.  They also contend that all four factors independently support a stay.  Qualified immunity is a broad protection that gives

3

government officials a right not only to avoid standing trial, but to also avoid the burden of pretrial matters such as discovery. *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001). Immunity is a threshold issue that allows courts to "weed out" suits before requiring the defendant to expend considerable time and resources to defend the suit. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). A defendant is therefore generally entitled to have questions of qualified immunity resolved before being required to engage in discovery. *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).

In this case, the Court finds a stay of discovery appropriate. Defendant Porter's motion to dismiss contends Plaintiff failed to state viable § 1983 claims and that Porter is entitled to qualified immunity. *See* Docs. 25, 26. Plaintiff argues that discovery should, nonetheless, proceed because a stay "does not necessarily follow" a claim of qualified immunity. Doc. 33, at 4-5. However, the case Plaintiff relies on does not support her position. In *King*, the court denied a motion to stay even though qualified immunity was alleged as a defense in a dispositive motion. *King v. United States*, No. 16-CV-1435-EFM-TJJ, 2017 WL 3723291, at *4 (D. Kan. Aug. 29, 2017). However, the court found that the plaintiffs detailed their need for discovery to combat the qualified immunity defenses as well as their need to learn the identifies of specific parties. *Id.*, at *2-3. The plaintiffs were also able to show that their proposed discovery was very limited to meet the immediate legal challenge and showed how their efforts were thwarted by the defendants. *Id.* Here, Plaintiff does not provide any information about what discovery is necessary to combat the qualified immunity defenses nor does Plaintiff provide any information regarding the scope or nature of such discovery. Indeed, discovery into the issue of immunity is typically not necessary to counter the arguments raised in motions to dismiss. *Arnold*, 2019 WL 2438677, at *3.

Plaintiff also spends much of her response arguing against the merits of Porter's qualified immunity defense. Although Plaintiff argues that Porter may not prevail on his qualified immunity

4

defense, it is necessary to allow the District Judge to resolve those threshold immunity issues before requiring the Defendants to participate in discovery.[1]  *Clay v. Hydro*, No. 19-3245-DDC-ADM, 2020 WL 3429461, at *2 (D. Kan. June 23, 2020) (finding that a stay is appropriate when immunity issues are raised in dispositive motions).  Because the Court finds that the qualified immunity defense is a sufficient basis to stay the case, it need not address the other factors.  Accordingly, the Court will stay discovery and all related Rule 26 proceedings until the District Judge rules on the motions to dismiss.  *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *2 (D. Kan. Apr. 10, 2020) (reaching same conclusion).

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery, Doc. 29, is **GRANTED**.  Discovery and the related Rule 26 proceedings, including the obligation to provide initial disclosures, submit a proposed scheduling order, and attend a scheduling conference, are stayed until the District Judge rules on the Defendants' motions to dismiss.

**IT IS SO ORDERED.**

Dated December 19, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

---

[1] The Court notes that Sheriff Murphy's motion to dismiss did not raise immunity issues.  However, the *Monell* claims against the Sheriff are closely related to the claims against Defendant Porter.  Therefore, the Court finds that in the interest of judicial economy, the entire case should be stayed pending a ruling on both motions due to the practical difficulties in proceeding against only one Defendant.